UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————

JEFFREY R. LeBLANC,

                       Plaintiff,                  Case No. 1:16-cv-71

v.                                       Honorable Janet T. Neff

PEOPLE OF THE STATE OF MICHIGAN,

                       Defendants.

_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff Jeffrey R. LeBlanc, a prisoner incarcerated at Ionia Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those who are not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing

*Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera*

*v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir.

1997).

Plaintiff has been an active litigant in the federal courts in Michigan.  The Court has

dismissed at least three of his lawsuits as frivolous or for failure to state a claim.  *See LeBlanc v.*

*Kalamazoo Cnty. Sheriff*, No. 1:14-cv-305 (W.D. Mich. July 29, 2014); *LeBlanc v. Michigan*, No.

1:14-cv-552 (W.D. Mich. June 19, 2014); *LeBlanc v. Kalamazoo Cnty. Gov't*, No. 1:14-cv-308

(W.D. Mich. May 21, 2014); *LeBlanc v. Michigan*, No. 1:14-cv-237 (W.D. Mich. Mar. 26, 2014).

In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule

on numerous occasions.  Moreover, Plaintiff's allegations do not fall within the exception to the

three-strikes rule because he does not allege any facts establishing that he is under imminent danger

of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma*

*pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to

pay the entire civil action filing fee, which is $400.00.  When Plaintiff pays his filing fee, the Court

will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff

fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but

he will continue to be responsible for payment of the $400.00 filing fee.

Dated:  February 2, 2016                              /s/ Janet T. Neff                                   
                                                               Janet T. Neff
                                                               United States District Judge

**<u>SEND REMITTANCES TO THE FOLLOWING ADDRESS</u>**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**